No. 81-218

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

NORVELL O. REESE, and THE
ESTATE OF NORVELL O. REESE, DECEASED.,

Plaintiff and Appellant,

-vs-

STELLA R. REESE,

Defendant and Respondent.

_____

Appeal from: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln, The Honorable
Robert Holter, Judge presiding.

Counsel of Record:

For Appellant:

Ann C. German, Missoula, Montana

For Respondent:

William A. Douglas, Libby, Montana

_____

Submitted on Briefs: November 5, 1981

Decided: DEC 21 1981

Filed: DEC 21 1981

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The question in this appeal is whether a divorced wife's claim for money due her under a property settlement agreement is barred by her failure to commence an action thereon against her deceased former husband's estate within the time provided in the Uniform Probate Code. The District Court held her claim was not barred. We affirm.

Norvell Reese and Stella Reese were divorced on April 7, 1972. A property settlement agreement was incorporated in the decree. Under its terms Norvell received certain property, assumed certain tax obligations, and agreed to pay Stella $18,000 in monthly payments of $300.

On May 22, 1978, Stella filed an action against Norvell seeking an accounting and to set aside her conveyance of property under the property settlement agreement. Stella claimed Norvell had breached the agreement by his failure to make the required monthly payments. A hearing thereon was set for July 6, 1978, but was continued indefinitely to be called up by either counsel on 10 days notice.

On September 12, 1979, Norvell died. Prior to his death he had remarried, and his surviving spouse, Danielle, was appointed personal representative of his estate. Notice to creditors was first published on October 12, 1979. On February 7, 1980, Stella filed a claim against his estate for $7,117 plus interest encompassing the money due her under the property settlement agreement in the divorce decree. The personal representative of Norvell's estate took no action on Stella's claim.

On November 17, 1980, a hearing was held in Stella's action for an accounting and to set aside her conveyance of property under the property settlement agreement. The District Court of Lincoln County denied the estate's motion to dismiss the action and entered judgment for Stella in the amount of $7,117 plus interest and costs, the amount of Norvell's indebtedness to

her under the property settlement agreement. The personal representative of Norvell's estate appeals from the denial of her motion to dismiss.

The substance of the estate's contention is that Stella's claim filed in the probate proceedings was effectively disallowed on April 12, 1980, 60 days after the last day for presentation of claims against the estate; that Stella had 60 days thereafter in which to commence an action against the personal representative on her disallowed claim; and that Stella's failure to commence such action within such time forever barred her claim against the estate including Stella's action for an accounting and to set aside her conveyance of property to Norvell.

Montana's Uniform Probate Code governs the manner of presentation, allowance and disallowance of claims against a decedent's estate. It provides alternative methods of presentation of such claims: (1) mailing a written statement of the claim to the personal representative, (2) filing a written statement of the claim with the court, or (3) commencing a proceeding against the personal representative within the time allowed for presentation of claims. Section 72-3-804, MCA.

The Code further provides in pertinent part:

"No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death." Section 72-3-804(2), MCA.

Where, as here, the language of a statute is plain, unambiguous, direct and certain, there is nothing left for the Court to construe. Dunphy v. Anaconda Co. (1968), 151 Mont. 76, 438 P.2d 660, and cases cited therein. In such case, the function of the Court is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA; White v. White (1981), ____Mont.____ , ____P.2d____ , 38 St.Rep. 2041.

The plain meaning of this statute is that a claimant is not required to present a claim to the personal representative of a decedent's estate where such claim is the subject of a legal proceeding against the decedent pending at the time of his death. Here Stella's action against Norvell for an accounting and to set aside a property conveyance encompassed the amounts due her under the property settlement agreement. It was pending and uncompleted at the time of Norvell's death. Presentation of her claim and filing an action thereon following disallowance was not required under the plain language of section 72-3-804(2), MCA.

Finally, the judgment for the unpaid money due her under the property settlement agreement constitutes an allowance of her claims. The applicable statute states in pertinent part:

> "A judgment in a proceeding in another court against a personal representative to enforce a claim against a decedent's estate is an allowance of the claim." Section 72-3-805(3), MCA.

We construe the language "in another court" to mean outside the probate court and the estate proceedings. Although both the probate proceedings and Stella's pending civil suit were filed and heard in the District Court of Lincoln County, the court was sitting in probate in the estate proceedings and functioning as a civil court in adjudicating Stella's claim for accounting and to set aside the property conveyance.

We do not reach the issue of whether Stella's failure to substitute the personal representative in her civil action against Norvell requires vacating the judgment and dismissing the action. The estate fully participated in this action, the issue was not raised in the District Court, and the issue was not included in the agreed statement of the case submitted by the parties pursuant to Rule 9(d), M.R.App.Civ.P.

The District Court's denial of the estate's motion to dismiss Stella's civil action for an accounting and to set aside her property conveyance is affirmed.

- 4 -

_Frank I. Haswell_
Chief Justice

We concur:

_Gene B Daly_

_Frank B Morrison_

_Wesley Castles_

_John C Sheehy_

Justices