No. 86-331

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

BOZEMAN DEACONESS HOSPITAL,

        Petitioner and Appellant,

  -vs-

IN RE THE MATTER OF THE ESTATE OF
OSCAR ROSENBERG, Deceased,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morrow, Sedivy & Bennett; Edmund P. Sedivy, Jr. argued,
Bozeman, Montana

    For Respondent:

        Larry Moran argued, Bozeman, Montana

---

Submitted: December 2, 1986

Decided: February 3, 1987

Filed: FEB 3 - 1987

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Petitioner Bozeman Deaconess Hospital appeals the April 21, 1986, order of the Eighteenth Judicial District Court awarding summary judgment in favor of the respondent. We affirm.

This case is an action filed by the hospital against the estate of Oscar Rosenberg seeking payment of $11,583.05 plus interest for hospital services provided to Rosenberg prior to his death.

Oscar Rosenberg was admitted to the Bozeman Deaconess Hospital Extended Care Facility in 1976. In October of 1980, Rosenberg nearly drowned in a bathtub at the facility. Complications arising from the accident resulted in Rosenberg's death November 4, 1980. Elwin Kundert, Rosenberg's nephew, who had power of attorney for Rosenberg since 1975, was appointed personal representative.

Two hospital bills amounting to nearly $28,000 were sent to Kundert's address on November 9, 1980. The hospital business office manager's affidavit states that Kundert was in the business office several times during the two months following Rosenberg's death to receive additional copies of the bills. Kundert admits that he received the hospital bills shortly after Rosenberg's death.

Publication of Notice to Creditors began on December 2, 1980. None of the creditors filed formal creditor's claim forms; rather they sent their bills to Kundert. Kundert paid all creditors except the hospital.

Section 72-3-805, MCA, provides that a claim against the estate is disallowed if the personal representative fails to take action on the claim within 60 days of receipt. In this

case, Kundert took no action on the hospital's bills. However, the hospital apparently believed Kundert planned on paying the bills because he had visited the hospital business office several times to make sure he had all the bills and said nothing about denying payment of any claim.

When Kundert failed to notify the hospital within 60 days of presentation of the bills, the hospital had another 60 days to petition the court to challenge the disallowance pursuant to § 72-3-805, MCA. The hospital did not meet this deadline.

Medicare covered $17,307 of Rosenberg's $27,290 hospital bill. The remainder, $9,983, was listed by Kundert as an expense of last illness on estate tax forms filed with the State of Montana and the IRS. This representation conflicts with Kundert's failure to pay the hospital.

Kundert, representing the estate, filed a wrongful death action on June 17, 1982, against the hospital alleging the hospital's negligence caused Rosenberg's death. The hospital failed to counterclaim for expenses incurred in treating Rosenberg. The jury found the hospital 100% negligent in causing Rosenberg's death and awarded $31,247 to the estate.

On February 16, 1984, the hospital filed a formal creditor's claim in district court against the estate for $11,583. The estate filed a denial of the claim on March 1, 1984, which asserted such claim was barred by collateral estoppel and statute of limitation. After denial of its claim, the hospital petitioned district court for allowance of the claim.

Following discovery, both parties moved for summary judgment. The court awarded summary judgment in favor of the estate, finding that the hospital's claim was barred for

3

failure to meet the time limits contained in § 72-3-805. In the court's supporting memorandum, the court noted that non-action on a claim by a personal representative conclusively establishes disallowance after 60 days and estoppel may not run against the personal representative. One week later, Northwestern Bank v. Coppedge (Mont. 1986), 713 P.2d 523, 43 St.Rep. 102, held that an estate may be estopped from raising a non-claim defense if the estate made representations to a creditor that a claim need not be filed.

Following the Coppedge decision, the hospital filed a motion for reconsideration and to amend judgment. The District Court denied the motion and this appeal followed.

On appeal, we address the following issue:

1) Whether the District Court erred in granting summary judgment in favor of the estate?

The statute at the center of the parties' dispute is § 72-3-805(1), MCA, which provides:

> As to claims presented in the manner described in 72-3-804 within the time limit prescribed in 72-3-803, the personal representative may mail a notice to any claimant stating that the claim has been disallowed. If, after allowing or disallowing a claim, the personal representative changes his decision concerning the claim, he shall notify the claimant. The personal representative may not change a disallowance of a claim after the time for the claimant to file a petition for allowance or to commence a proceeding on the claim has run and the claim has been barred. Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than 60 days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar. Failure of the personal

4

representative to mail notice to a claimant of action on his claim for 60 days after the time for original presentation of the claim has expired has the effect of a notice of disallowance.

In this case, Kundert received copies of the hospital bills. There is no dispute that the hospital properly filed a claim. The estate contends § 72-3-805, MCA, is a non-claim statute not subject to equitable considerations. The hospital argues that the estate should be estopped from denying its claim in view of Kundert's representations and subsequent acknowledgement of the debt on estate tax forms.

In Coppedge, supra, Northwestern Bank never filed a creditor's claim with the estate nor did it commence a court proceeding to protect its claim. Instead, bank representatives negotiated with the estate's attorneys for payment or renewal of the note owed the bank. In finding that an estoppel issue had been raised, this Court stated:

> Northwestern Bank contends and the trial judge found that the estate, by and through its attorneys, knew of the bank's claim against the estate. Such knowledge, however, does not dispense with Northwestern Bank's need to file a creditor's claim. If Northwestern Bank can prove that the attorneys for the estate represented that because they knew of Northwestern Bank's claim, no creditor's claim need be filed and if the Bank relied on this representation, the estate could be estopped from raising Northwestern Bank's failure to file a creditor's claim as a defense. Norman v. State (1979), 182 Mont. 439, 443-444, 597 P.2d 715, 718. We therefore remand for a hearing to determine whether the estate, by or through its attorneys, represented to Bank that it need not file a creditor's claim.

713 P.2d 526-27, 43 St.Rep. 105.

5

Coppedge was issued the week following the District Court order granting summary judgment to the estate. On motion for reconsideration, a new judge assumed jurisdiction and affirmed the summary judgment finding insufficient facts to support estoppel. We agree that the facts do not raise the issue of estoppel and summary judgment was properly granted as a matter of law.

The elements of proof for equitable estoppel are:

1) false representation or concealment of facts;

2) made with actual/or constructive knowledge of the facts;

3) to a party without knowledge, or means of knowledge of the facts;

4) with intention or expectation that the party will rely on such representations;

5) the party does rely and act upon such representations;

6) causing prejudice to the party.

Wassberg v. Anaconda Copper Co. (Mont. 1985), 697 P.2d 909, 42 St.Rep. 388.

The affidavit of the hospital business office manager states: "[Kundert] told me that he was handling Mr. Rosenberg's estate and he needed copies for the estate so that the estate could pay the bill." This is the only evidence produced by the hospital as to estoppel. Kundert's deposition testimony is that he was undecided whether to pay the hospital bill at the time he received it. There is no evidence as to elements 1, 2, and 4, above set forth. Summary judgment against the hospital on the issue of estoppel was proper. Estoppel will be sustained only upon

clear and convincing evidence. Kenneth D. Collins Agency v. Hagerott (Mont. 1984), 684 P.2d 487, 41 St.Rep. 1375.

The hospital contends Kundert waived the statute of limitation on the claim by subsequent acknowledgment of the debt. Kundert listed the hospital bill as a medical expense on estate tax forms filed August 25, 1981, and as damages in the wrongful death suit filed in June, 1982.

Prior to our decision in Coppedge, supra, this Court strictly construed Montana's non-claim statute relating to filing of creditor's claims. Failure to meet the time limits for filing a claim forever barred such claim. Baker National Bank v. Henderson (1968), 151 Mont. 526, 445 P.2d 574. Coppedge carved out a single exception for equitable estoppel.

One of the underlying purposes of the Uniform Probate Code (UPC) listed in § 72-1-102, MCA, is to "promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to its successors." This purpose is clearly supported by the presumed disallowance provision in § 72-3-805, MCA, and the non-claims bar in § 72-3-803, MCA.

There is no provision in the UPC extending the time for filing or contesting claims based upon subsequent acknowledgment of debt. Section 72-3-802, MCA, does allow the personal representative to waive the limit with the consent of all successors. There is no evidence in this case that Kundert waived the time limit as to the hospital's claim.

Contrary to the hospital's assertion, Kundert's subsequent acknowledgment of the hospital claim is not relevant for estoppel purposes. Kundert's acknowledgment of

the hospital claim occurred months after the time limit had run for contesting a claim, and his subsequent acknowledgment does not provide evidence as to his intent at the time he spoke with the hospital's business office manager. There being no evidence to support the elements of estoppel, the presumed disallowance provision forever bars the hospital's claim.

The District Court is affirmed.

                                        _____
                                        Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

BOZEMAN DEACONESS HOSPITAL,
        Petitioner and Appellant,

v.

IN RE THE MATTER OF THE ESTATE OF
OSCAR ROSENBERG, Deceased,
        Defendant and Respondent.

)
)
)
)

ORDER

FILED

MAR 24 1987

Ethel ___ ___ ___rison
CLERK OF SUPREME COURT
STATE OF MONTANA

Our opinion in the case of Bozeman Deaconess Hospital v. In Re the Matter of the Estate of Oscar Rosenberg (Mont. 1987), ___ P.2d ___, 44 St.Rep. 195, requires correction.

The following paragraphs shall be deleted from the opinion:

> Section 72-3-805, MCA, provides that a claim against the estate is disallowed if the personal representative fails to take action on the claim within 60 days of receipt. In this case, Kundert took no action on the hospital's bills. However, the hospital apparently believed Kundert planned on paying the bills because he had visited the hospital business office several times to make sure he had all the bills and said nothing about denying payment of any claim.

> When Kundert failed to notify the hospital within 60 days of presentation of the bills, the hospital had another 60 days to petition the court to challenge the disallowance pursuant to § 72-3-805, MCA. The hospital did not meet this deadline.

> . . .

> Following discovery, both parties moved for summary judgment. The court awarded summary judgment in favor of the estate, finding that the hospital's claim was barred for failure to meet the time

limits contained in § 72-3-805. In the court's supporting memorandum, the court noted that non-action on a claim by a personal representative conclusively establishes disallowance after 60 days and estopped may not run against the personal representative. One week later, Northwestern Bank v. Coppedge (Mont. 1986), 713 P.2d 523, 43 St.Rep. 102, held that an estate may be estopped from raising a non-claim defense if the estate made representations to a creditor that a claim need not be filed.

The above paragraphs shall be replaced by the following:

Section 72-3-805, MCA, provides that a claim against the estate is disallowed if the personal representative fails to take action on the claim for 60 days after the time for original presentation of the claim has expired. In this case, Kundert took no action on the hospital's bills. However, the hospital apparently believed Kundert planned on paying the bills because he had visited the hospital business office several times to make sure he had all the bills and said nothing about denying payment of any claim.

When Kundert failed to notify the hospital within 60 days after the time for original presentation of the claim expired, the hospital had another 60 days to petition the court to challenge the disallowance pursuant to § 72-3-805, MCA. The hospital did not meet this deadline.

. . .

Following discovery, both parties moved for summary judgment. The court awarded summary judgment in favor of the estate, finding that the hospital's claim was barred for failure to meet the time limits contained in § 72-3-805. In the court's supporting memorandum, the court noted that non-action on a claim by a personal representative conclusively establishes disallowance after 60 days from the time for original presentation of the claim has expired and estoppel may not run against the personal representative. One week later, Northwestern Bank v. Coppedge (Mont. 1986), 713 P.2d 523, 43 St.Rep. 102, held that an estate may be estopped from raising a non-claim defense if the

estate made representations to a creditor that a claim need not be filed.

These corrections do not affect the outcome of the case and the result remains the same.

DATED this 20th day of March, 1987.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices