No. 87-260

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN THE MATTER OF THE ESTATES OF:
ALBERT McDANIEL
JOHN E. WILSON
SUSIE DUTT
ETHEL HUNTER
CLARA NOONAN
GORDON WILSON
CHARLES LITTLE
JOHN P. COONEY
CHARLES T. HAMILTON
MINNIE BRANDRIFF
ROBERT CARLISLE

---

APPEAL FROM:   The District Court of the Third Judicial District,
               In and for the County of Deer Lodge,
               The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Nick Rotering, Dept. of Institutions, Helena, Montana

        For Respondent:

            William Brolin, Anaconda, Montana

---

                              Submitted on Briefs:   Jan. 14, 1988

                                   Decided:   March 10, 1988

Filed: **MAR 1 0 1988**

_Ethel M. Harrison_
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from the Third Judicial District of the State of Montana, County of Deer Lodge. The Department of Institutions appeals the District Court's disapproval of its objection to the public administrator's denial of their creditor's claims. We affirm.

The issue on appeal is whether the District Court erred in allowing the Public Administrator, acting as the personal representative in these estates, to deny the Department of Institution's creditor's claim for services rendered the decedents at Montana State Hospital.

This case involves eleven separate probate causes. The decedents were all patients at Warm Springs State Hospital and were receiving Social Security or other retirement or disability benefits. The Department of Institutions was acting both as payee of these benefits and assessing care and maintenance charges. In 1976 Montana Legal Services brought suit against the Department in Caddell and Underwood, et al. v. Robert Mattson, et al., Cause No. 40258, Lewis and Clark County, saying there was a conflict in the Department's dual role. The district judge issued an injunction pendente lite restraining the State Hospital from acting both as the representative payee and removing from the plaintiff patients' accounts at the State Hospital any amounts allegedly due for care and maintenance. The social security benefits then accumulated in a trust pending resolution of the conflict.

In 1985 the Department of Institutions notified the Public Administrator of the estates of decedents which required the creation of a probate estate. The Public Administrator filed in probate for all the decedents who had

assets in the trust. The public administrator published notices to creditors in all these estates over three years subsequent to the respective decedent's date of death. The Department filed its creditor's claims for services rendered and the Public Administrator denied the claims on the basis of untimely filing. The Department objected to the denial and asked the District Court to set aside the denial and order the claims paid. The District Court disapproved the Department's objections and ordered that the estates be distributed according to the laws of intestacy.

Section 72-3-803, MCA, sets forth the time frame for the filing of a claim against a decedent's estate:

> (1) With the exception of claims for taxes and claims founded on tort, all claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent unless presented as follows:
> (a) within 4 months after the date of the first publication of notice to creditors if notice is given in compliance with 72-3-801, provided claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state; or
> (b) within 3 years after the decedent's death if notice to creditors has not been published.

The Department contends that the statute of limitation argument is not available to the personal representative. The Department argues that the pending Underwood and Caddell lawsuit and the injunction tied up the patient's funds and tolled the statute of limitations.

3

The Department relies on Reese v. Reese (1981), 196 Mont. 100, 637 P.2d 1183, as authority for their argument that a pending lawsuit tolls the § 72-3-803, MCA, statute of limitations. Reese held "a claimant is not required to present a claim to the personal representative of a decedent's estate where such claim is the subject of a legal proceeding against the decedent pending at the time of his death." Reese, 637 P.2d at 1185. This Court in Reese upheld § 72-3-804(2), MCA, which provides:

> (2) The claimant may commence a proceeding against the personal representative, in any court where the personal representative may be subjected to jurisdiction, to obtain payment of his claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim. No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death.

Neither Reese nor § 72-3-804(2), MCA, is applicable in this case. The Department's creditor's claims were not "the subject of a legal proceeding against the decedent." The pending Caddell litigation was about the propriety of the State acting as both the representative payee and as the assessor of care and maintenance charges for a class of patients. The injunction pendente lite prevented the State from removing the patients' funds but did not prevent the State from filing creditor's claims during the pendency of the suit. When any one of the conditions in § 72-3-803, MCA, has been met, as the three year bar was met here, the statute has run and the claim is barred. The three year statute of limitation set by § 72-3-803(1)(b), MCA, was not tolled and the District Court was correct to disapprove the Department's objection to the denial of its creditor's claims.

4

The Department also asserts that the District Court was incorrect in view of the federal regulation, 20 C.F.R. 404.2010, that indicates that proceeds of benefits are to be used to pay care and maintenance charges of patients in institutions. However 20 C.F.R. 404.2010 merely provides for the appointment of a Representative Payee. The Department failed to comply with the law requiring the timely filing of creditor's claims and thus its claims are barred. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5