**Ann B. LOVELL, as Personal Representative of the Estate of John M. Lovell, Sr. and Mary Campbell, Plaintiffs,**

v.

**The ONE BANCORP, MAINE SAVINGS BANK, Frederick W. Pape, Jr., and Nancy Masterton, as Personal Representative of the Estate of Robert R. Masterton, Defendants.**

**Civ. No. 87–0296–P.**

United States District Court, D. Maine.

Jan. 18, 1991.

See also 690 F.Supp. 1090.

Richard E. Poulos, Portland, Me., for plaintiffs.

Roger A. Putnam, Portland, Me., for One Bancorp, Maine Sav. Bank.

Rufus Brown, Portland, Me., for Frederick W. Pape, Jr.

Gerald F. Petruccelli, Portland, Me., James D. St. Clair, Boston, Mass., for Nancy Masterton.

MEMORANDUM AND ORDER DENYING DEFENDANT ESTATE OF MASTERTON'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

Defendant Estate of Masterton has moved for summary judgment in this action asserting that Plaintiffs' claims are barred because Plaintiffs failed to comply with the requirements of 18–A M.R.S.A. § 3–806 for presenting claims against a decedent's estate. Finding that Plaintiffs are not required to comply with section 3–806, the Court will deny Defendant's motion.[1]

The pertinent facts are not in dispute. Plaintiffs brought this action seeking relief from Robert Masterton and the other De-

---

1. Defendant Estate filed its motion long after the deadline set by the Court for filing summary judgment motions had passed, filing at the same time a motion to amend the Court's scheduling order. Plaintiffs urge the Court to dismiss the summary judgment motion as untimely. Find-

ing no prejudice to Plaintiffs by the allowance of such a motion, the Court will grant the motion to amend the scheduling order and consider Defendant Estate's summary judgment motion on the merits.

fendants in October, 1987, before the death of Robert Masterton. After Masterton's death Plaintiffs filed a motion to substitute personal representative, which was granted by this Court on June 14, 1988. As personal representative of the estate of her husband, Mrs. Masterton sent a notice of his death to creditors, stating that all claims against him not presented within four months of the date of first publication would be barred. Plaintiffs filed a claim against the estate in the Cumberland County Probate Court on September 9, 1988, which Defendant disallowed on December 12, 1988. Plaintiffs took no further actions in Probate Court. The docket sheets in this action, however, show that the litigation in this Court was actively proceeding, with participation by both Plaintiffs and Defendant Estate of Masterton.

The Maine Probate Code prescribes two modes of presenting claims against a decedent's estate: presentation of a written claim to the personal representative, 18–A M.R.S.A. § 3–804(1), and commencement of an action against the personal representative. *Id.* § 3–804(2). Subsection 2 of section 3–804 states explicitly, however, that "[n]o presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death."

Defendant Estate argues that while Plaintiffs' claims might have been preserved with no presentation, they are now barred because Plaintiffs chose to present a written claim to the estate but failed to file a petition in the Probate Court for allowance or to commence another action against the estate within 60 days after the notice of disallowance of their claim by the personal representative. Defendant bases its argument on the following portion of section 3–806(a) of the Maine Probate Code:

> As to claims presented in the manner described in section 3–804 ... [e]very claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than 60 days after the mailing of the notice of disallowance or partial disallowance if the notice warns the claimant of the impending bar.

18–A M.R.S.A. § 3–806(a). The Court is satisfied that Defendant has mistaken the import of the provisions regarding presentation and preservation of claims in the Probate Code.

While section 3–806 sets forth requirements for perfecting claims which have been preserved by presentation under section 3–804(1), it simply does not apply to claims that are the subject of prior proceedings still pending against the decedent. There is no need to petition the Probate Court for allowance of a claim or to commence an action that may win a judgment that will act as an allowance of a claim, when an action which can serve the same purpose has already been commenced and is proceeding to judgment. It is for this reason that section 3–804(2) specifically excludes pending judicial claims from the presentation requirement.

The Court cannot agree with Defendant Estate that once Plaintiffs elect to present a claim to the estate, they must follow the statutory procedures to preserve their claim. The claims procedures set forth in the Probate Code are not a trap for the unwary by which ongoing judicial proceedings may be vitiated. Rather they are designed to facilitate and expedite proceedings for estate distribution. *In re Estate of Feuerhelm*, 215 Neb. 872, 341 N.W.2d 342 (1983) (construing Nebraska's cognates to the statutes discussed here); *In re Estate of Brown*, 421 So.2d 752 (Fla.App. 1982) (discussing the Florida Probate Code cognates); *see also* 18–A M.R.S.A. § 1–102. Although the Maine courts have yet to construe these sections of the Probate Code in light of the issues raised here, other courts construing virtually identical sections of their probate codes have reached the same conclusions.

In *Reese v. Reese*, 196 Mont. 101, 637 P.2d 1183 (1981), the court addressed whether "a divorced wife's claim for money due her under a property settlement agreement is barred by her failure to commence

an action thereon against her deceased former husband's estate within the time provided in the Uniform Probate Code." Seeking an accounting under a property settlement, the claimant had filed an action against her former husband, which was pending when he died. She then filed a claim against the estate for the amount allegedly due her under the property settlement but did not, after its disallowance, bring a new action on the claim within the statutory period. Relying on the plain meaning of a statute identical to Maine's, which provided that no presentation of claim is required in regard to matters claimed against the decedent which were pending at the time of his death, the court held that her claim was not barred because no presentation of the claim and filing of an action thereon was required. *Reese v. Reese*, 637 P.2d 1183.

In *Estate of Brown*, a Florida court barred a claim that was the subject of an ongoing counterclaim in Bermuda because it had been presented in writing to the personal representative, but no enforcement had been sought within the statutory period. The court of appeals reversed, explaining:

> We believe that the rationale and purpose of Section 733.705, Florida Statutes (1980) is to uncover and resolve or bar all pending claims against an Estate so that the administration can be processed expeditiously to the end that assets may be marshalled, proper creditors paid, and distribution made. In cases such as this where litigation of the matter forming the basis of the claim is pending with the personal representative voluntarily participating, it is obvious that the existence

of the claim is known and objected to, and that it is already in the process of judicial determination. It would be duplicitous and serve no useful purpose to require the claimant to again make known his claim and file a second independent action. Such a step would in nowise aid the administration. It would only create needless expense to those involved, plus an added burden to the courts.

*In re Estate of Brown*, 421 So.2d at 753.[2]

Even in *Mayfield v. Mayfield*, 108 N.M. 246, 771 P.2d 179 (1989), which Defendant Estate cites as authority for the proposition that deviation from the statutory requirements for presenting and perfecting a claim acts as a bar to the claim, the court stated that it

> would be loath to exalt form over substance to foreclose adjudication of a claim on its merits, even though [the requirements had not been met], if within the statutory time period the facts of the record demonstrate that the claimant is litigating the claim or the parties have invoked the exercise of the court's authority with respect to the disallowed claim; but the purpose of [the statute] must be satisfied.

Requiring Plaintiffs here to file a new action against the estate when the current claims are pending in this Court would indeed exalt form over substance, rendering nonsensical the plain language of section 3–804(2) and undermining the clear purposes of the claim presentation provisions of the Probate Code. Nothing in the Probate Code bars Plaintiffs' claims in this Court.

2. *Estate of Brown* does not hold, as suggested by Defendant Estate, that because the decedent had chosen the Bermuda forum by bringing an action there, it was bound to litigate the claim in Bermuda. The court in *Estate of Brown* stated: Because of the pendency of the Bermuda litigation, this being a jurisdiction chosen by the decedent and acquiesced in by her personal representative when he voluntarily substituted himself, we are of the opinion that it was unnecessary for Shelby to file an independent action in Florida as concerns the Estate. The Bermuda action was the equivalent of such procedure.

*Id.* at 753. The court plainly held that the claimant was not required to file an independent action in Florida because the pending Bermuda action served the same purpose. The court rejected the estate's argument that Bermuda was an ineffective forum and that the pending Bermuda action was therefore not the equivalent of bringing an action in Florida by noting that Bermuda was a jurisdiction chosen by the decedent and acquiesced in by the personal representative. *See id.*

Accordingly, it is ORDERED that Defendant Estate's Motion for Summary Judgment be, and it is hereby, DENIED.

SO ORDERED.