WARNER, C.J.
We reverse the order of the trial court dismissing appellant’s complaint for failure to substitute parties pursuant to Florida Rule of Civil Procedure 1.260(a). Appellant filed suit against the defendant, only to discover that the defendant was deceased. Thereafter, several requests to extend the time for service of the defendant were granted by the court in order for appellant to secure the appointment of a personal representative of the decedent’s estate in Tennessee. That was accomplished, and the estate was served with process on May 7, 1999, within the time parameters of the last order extending time to effect service. However, the complaint was still styled in the name of the deceased as defendant, even though the deceased had never been made a party to the suit through service. Not until September 28, 1999, did appellant file a motion for substitution of parties, move to “substitute” the estate for the defendant, and file an amended complaint.
*1089 We think it is axiomatic that where there has been no party brought before the court upon whom the court has acquired jurisdiction, there can be no “substitution” for that party. The only entity that was served with process and over which the court had jurisdiction in this case was the estate of the deceased. There was no need to “substitute” a new “party” for the deceased because the deceased had never become a party to the suit. At most, what occurred was a misnomer in the complaint which should have been corrected by amending the style to show that the party was the estate of the decedent, rather than the decedent himself. See Fla.R.Civ.P. 1.190(e). As no prejudice has been shown to the estate in later correcting the complaint to name the original party served, we conclude that the court erred in dismissing the complaint pursuant to rule 1.260(a). Cf. City of Jacksonville v. Raulerson, 415 So.2d 1303, 1304-5 (Fla. 1st DCA 1982).
Reversed.
FARMER and TAYLOR, JJ., concur.