2007 ND 35

**In the Matter of the ESTATE OF Robert E. CARLSON, Deceased.**

Jorjann Carlson, Petitioner and Appellant,

v.

Stephen R. Carlson, Personal Representative of the Estate of Robert E. Carlson, Deceased, Respondent and Appellee.

No. 20060204.

Supreme Court of North Dakota.

March 5, 2007.

David L. Johnson, McNair, Larson & Carlson, Ltd., Fargo, N.D., for petitioner and appellant.

Craig E. Johnson, Johnson, Ramstad & Mottinger, P.L.L.P., Fargo, N.D., for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Jorjann Carlson appealed from a judgment dismissing her claim against the estate of her ex-husband, Robert E. Carlson, and denying her motion to join the personal representative of the estate as a third party in her California court action for division of Robert Carlson's military retirement benefits. We vacate that part of the judgment denying Jorjann Carlson's motion to join the personal representative in the California action because the district court lacked jurisdiction to decide the motion. We reverse that part of the judgment dismissing her claim against the estate because the district court should not have ruled on the merits of Jorjann Carlson's California action, and because there is no requirement that Jorjann Carlson file a claim against the estate if the California court should rule in her favor. We vacate in part and reverse in part.

I

[¶ 2] Robert Carlson and Jorjann Carlson were married in 1958 and separated in 1981 while he was on active military duty with the United States Air Force in California. Robert Carlson filed a petition to dissolve the marriage with the Superior Court of California on April 13, 1981, an interlocutory judgment of dissolution was entered on May 27, 1982, and a final judgment of dissolution was entered on August 31, 1982. California is a community property state, but in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the United States Supreme Court held that federal law preempted a state divorce court from including one spouse's military retirement pay in the parties' marital estate. The Carlsons' interlocutory judgment of divorce provided:

> The court shall retain jurisdiction over the real property, consisting of the Arizona lot and the residence located at 3667 Helma Court, Camarillo, California, and over any and all rights which may accrue in the future to [Jorjann Carlson] as a result of any legislative action by Congress allowing divorced spouses to have retirement rights under military pensions.

[¶ 3] In response to the *McCarty* decision, Congress enacted the Uniformed Services Former Spouses' Protection Act, effective February, 1, 1983, which altered the preemptive result of *McCarty* by authorizing a state court to treat "disposable retired pay ... *either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court*." 10 U.S.C. § 1408(c)(1). California followed by enacting Cal. Civil Code § 5124, 1983 Cal. Stat. ch. 775, § 1, which allowed community settlements, judgments, or decrees that became final between June 25, 1981, and February 1, 1983, to be modified to include a division of military retirement benefits payable on or after February 1, 1983, if the proceeding was brought before January 1, 1986.

[¶ 4] Robert Carlson retired from the military and started drawing military retirement benefits on August 1, 1989. On August 9, 2005, Jorjann Carlson, still a resident of California, filed an order to show cause in the Superior Court of California requesting that she be awarded part of Robert Carlson's military retirement benefits as provided under the 1982 dissolution judgment. On October 1, 2005, while Jorjann Carlson's action was pending in the California Superior Court, Robert Carlson died while domiciled in North Dakota. Probate proceedings were commenced in Cass County, and Stephen R. Carlson was appointed personal representative of the estate. On December 6, 2005, the California court ruled Robert Carlson's "recent death does not deprive the Ventura County Superior Court of jurisdiction for the limited purpose of determining what percentage interest, if any, [Jorjann Carlson] acquired post-Judgment in [Robert Carlson's] military retirement benefits," but denied the motion to show cause without prejudice because Jorjann Carlson had not complied with a California "procedural pre-requisite":

> Petitioner (actually, Petitioner's Estate) through the "special appearance" of counsel argues that the current request of Respondent is premature, and that Respondent must first comply with California Probate Code § 9370. Section 9370 requires the filing of a claim in Petitioner's Estate and then the obtaining "leave of court" to add the Decedent's Personal Representative as a "joined" third party in the instant Family Law action before an adjudication on the merits as to Petitioner's military retirement benefits can commence.

[¶ 5] In February 2006, Jorjann Carlson filed a claim against Robert Carlson's estate in North Dakota seeking "not less than $200,000" for her portion of the military retirement benefits, and filed a motion in North Dakota district court for "leave of court to add the decedent's personal representative as a joined third party in a family law action venued in the Superior Court of California, County of Ventura." The personal representative disallowed the claim against the estate on March 6, 2006, and objected to the request to add him as a party in the California action. Jorjann Carlson then filed a petition for allowance of her claim in district court. The district court denied the motion for leave of court to add the personal representative as a party to the California action and dismissed Jorjann Carlson's claim against the estate "as a matter of law," concluding Jorjann Carlson's claim for the military retirement benefits was barred by California law and by the equitable doctrine of laches.

## II

[¶ 6] The personal representative of the estate argues the district court properly denied Jorjann Carlson's motion to join him as a party in the California action because a North Dakota court has no jurisdiction to order him to submit to the jurisdiction of a California court.

[¶ 7] The California procedural statute Jorjann Carlson was attempting to follow is Cal. Probate Code § 9370 (1991) (emphasis added), which provides:

> (a) *An action or proceeding pending against the decedent at the time of death* may not be continued against the decedent's personal representative unless all of the following conditions are satisfied:
>
> (1) A claim is first filed as provided in this part.
>
> (2) The claim is rejected in whole or in part.
>
> (3) Within three months after the notice of rejection is given, *the plaintiff applies to the court in which the action*

*or proceeding is pending for an order to substitute the personal representative in the action or proceeding.* This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution.

(b) No recovery shall be allowed in the action against property in the decedent's estate unless proof is made of compliance with this section.

[¶ 8] Plain language of the statute requires the plaintiff to apply to the court in which the action or proceeding was pending against the decedent at the time of death for an order to substitute the personal representative, not to the probate court administering the estate. *See generally Missouri Slope Livestock Auction, Inc. v. Wachter*, 113 N.W.2d 222, 223 (N.D. 1962). Jorjann Carlson's motion for substitution, labeled a motion "to add the decedent's personal representative as a joined third party" in the California action, must be filed with the California court. Moreover, it is axiomatic that a North Dakota court lacks subject matter jurisdiction to grant or deny a motion to substitute a party in an action or proceeding in another state. *See generally Smith v. Crumm*, 778 So.2d 1088, 1089 (Fla.App. 2001); *In re Estate of Einstoss*, 26 N.Y.2d 181, 309 N.Y.S.2d 184, 257 N.E.2d 637, 642 (1970); 67A C.J.S. *Parties* § 76 (2002).

[¶ 9] We conclude the district court lacked jurisdiction to rule on Jorjann Carlson's motion for "leave of court to add the decedent's personal representative as a joined third party" in the California family law action.

### III

[¶ 10] Jorjann Carlson argues the district court erred in denying her claim against the estate because the court should not have ruled on the merits of her Cali-

fornia action seeking a portion of Robert Carlson's military retirement benefits.

[¶ 11] Jorjann Carlson continues to reside in California, and the Carlsons' dissolution judgment stated that the California "court shall retain jurisdiction ... over any and all rights which may accrue in the future to [Jorjann Carlson] as a result of any legislative action by Congress allowing divorced spouses to have retirement rights under military pensions." Both Jorjann Carlson and the estate acknowledge, and we agree, that the California court has subject matter jurisdiction to resolve this issue. The district court's attempt to resolve the issue through its interpretation of California law and to deny Jorjann Carlson's claim against the estate conflicts with the provisions of the Uniform Probate Code.

[¶ 12] Under N.D.C.C. § 30.1–19–04(2) (U.P.C. § 3–804), which addresses the manner of presentation of claims against an estate, "[n]o presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of death." Although Jorjann Carlson was required to present a claim against Robert Carlson's estate to comply with California procedural requirements, she was not required to do so to assert a claim against the estate under the Uniform Probate Code. *See Lovell v. One Bancorp, Maine Sav. Bank*, 755 F.Supp. 466, 468 (D.Me. 1991) (construing Maine law); *Reese v. Reese*, 196 Mont. 101, 637 P.2d 1183, 1185 (1981). Moreover, Jorjann Carlson was not required to petition the North Dakota district court for allowance of her claim after it was denied by the estate. Under N.D.C.C. § 30.1–19–06(4) (U.P.C. § 3–806), "[a] judgment in a proceeding in another court against a personal representative to enforce a claim against a decedent's estate is an allowance of the claim." Con-

sequently, Jorjann Carlson's claim would be automatically allowed under the Uniform Probate Code if she succeeds in the California court in having the personal representative of the estate substituted as a party in the California action, and should the California court rule in her favor on the merits of her claim for a portion of Robert Carlson's military retirement benefits. *See Reese*, 637 P.2d at 1185. The district court's attempt to resolve the merits of Jorjann Carlson's claim under California law in the context of this probate proceeding was inappropriate.

[¶ 13]  We conclude the district court erred by adjudicating Jorjann Carlson's claim against the estate based on its interpretation of California law.

## IV

[¶ 14]  In view of our disposition of this case, it is unnecessary to address the other issues raised by the parties.  We vacate that part of the judgment denying Jorjann Carlson's motion to join the personal representative in the California action, and we reverse that part of the judgment denying her claim against the estate.

[¶ 15]  GERALD W. VANDE WALLE, C.J., and EVERETT NELS OLSON, S.J., and MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 16] The Honorable EVERETT NELS OLSON, S.J., sitting in place of SANDSTROM, J., disqualified.