IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————

IN RE THE ESTATE OF SANFORD M. BOLTON

No. 2 CA-CV 2013-0038
Filed December 20, 2013

———————————

Appeal from the Superior Court in Pima County
No. PB20111244
The Honorable Kyle A. Bryson, Judge

**REVERSED AND REMANDED**

———————————

COUNSEL

Ryley Carlock & Applewhite, Phoenix
by John C. Lemaster, Charitie L. Hartsig, and Kevin R. Heaphy
*Counsel for Appellants Mutual Pharmaceutical and United Research*

Snell & Wilmer, LLP, Tucson
by Andrew M. Jacobs and Katherine V. Foss
*Counsel for Appellee Eric Warren Goldman, Personal Representative of the
Estate of Sanford M. Bolton*

———————————

**OPINION**

———————————

Judge Miller authored the opinion of the Court, in which Presiding
Judge Vásquez and Chief Judge Howard concurred.

———————————

M I L L E R, Judge:

¶1 Claimants Mutual Pharmaceutical, Inc. and United Research Laboratories, Inc. (Mutual Parties) appeal the probate court's judgment confirming disallowance of their creditors' claim against the estate of Sanford M. Bolton (Estate). We conclude the court erred when it ruled that a claimant who presents a claim to a decedent's estate notifying it of an action against the decedent that was pending before his death, must commence additional proceedings if the personal representative disallows the claim.

**Factual and Procedural Background**

¶2 The relevant facts in this case are undisputed. In May 2011, Mutual Parties sued Bolton and two other parties in Pennsylvania state court. The complaint alleged Bolton, a professor at St. John's University in New York, assisted by a graduate student, developed a technology for converting liquid drugs to a powder form. The complaint further alleged that Bolton and the student left the university, formed a company, and fraudulently assigned to Mutual Parties patent rights that actually belonged to St. John's University.[1] Mutual Parties sought a declaratory judgment regarding ownership of the patent, as well as damages in excess of $100 million for breach of contract, fraudulent misrepresentation, and unjust enrichment.

¶3 Bolton died in Pima County on October 11, 2011, and the next day his Pennsylvania defense attorney filed a notice of death. On November 29, 2011, Eric Goldman filed an application for informal probate in Pima County and requested that he be appointed personal representative of the Estate, which the probate court approved the next day. On December 20, 2011, Mutual Parties filed a praecipe in the Pennsylvania court to substitute Goldman as

---

[1]St. John's University also sued Bolton, the student, and their company in federal court in New York. The suit alleges, in pertinent part, the defendants obtained patents in violation of their contractual and fiduciary duties to St. John's University. It appears Mutual Parties and St. John's University brought separate suits in different jurisdictions against Bolton for the same licensing fees arising from the patents.

successor-in-interest to Bolton. Mutual Parties also presented a Notice of Claim to Goldman on January 17, 2012. The next day, the Pennsylvania court ordered Goldman substituted as successor-in-interest to Bolton.

¶4 On January 26, 2012, the Estate disallowed the probate claim. The Estate acknowledged the Pennsylvania case and stated the action had yet to be adjudicated. It explained the disallowance on the ground that "[p]ursuant to A.R.S. § 14-3804(2) no presentation of claim was required for the Claim." Mutual Parties did not institute new proceedings in another court or move for probate allowance. More than seven months later, the Estate filed a motion to confirm disallowance of claim, which the probate court granted over Mutual Parties' objection on December 7, 2012. The probate court entered judgment on January 11, 2013, and this timely appeal followed.

**Discussion**

¶5 We are required to decide whether a claimant with a pending lawsuit for damages against the decedent at the time of his death, who sends a notice of claim to the personal representative that is disallowed, must within sixty days commence another lawsuit or move for probate approval to preserve its right to collect a judgment against the estate. The Estate argues A.R.S. § 14-3804(3) requires a plaintiff-claimant to initiate a second lawsuit or move for probate court allowance if the personal representative denies the claim. Mutual Parties contend the plain language of § 14-3804(2) makes it clear that when a lawsuit is already pending, "no further action need be taken after disallowance by the personal representative," because "where no need to present a claim arises because the claim is exempt from presenting, the mere fact that the claim was presented and disallowed does not nullify its exempt status."

¶6 We review questions of statutory interpretation de novo. *North Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, ¶ 8, 93 P.3d 501, 503 (2004). To determine a statute's meaning, we first examine the language of the statute, *PNC Bank v. Cabinetry By Karman, Inc.*, 230 Ariz. 363, ¶ 6, 284 P.3d 874, 876 (App. 2012), and

construe the words and phrases "according to the common and approved use of the language," A.R.S. § 1-213. "If a statute's language is clear, it is 'the best indicator of the authors' intent and as a matter of judicial restraint we must apply it without resorting to other methods of statutory interpretation, unless application of the plain meaning would lead to impossible or absurd results.'" *Metzler v. BCI Coca-Cola Bottling Co. of Los Angeles, Inc.*, 233 Ariz. 133, ¶ 8, 310 P.3d 9, 12 (App. 2013), *quoting Winterbottom v. Ronan*, 227 Ariz. 364, ¶ 5, 258 P.3d 182, 183 (App. 2011).

¶7        In order to understand the interplay among the subsections of A.R.S. § 14-3804,[2] it is helpful to review the general

---

[2]Section 14-3804 states in full:

Claims against a decedent's estate may be presented as follows:

1. The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant and the amount claimed. The claim is deemed presented on receipt of the written statement of claim by the personal representative. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made.

2. The claimant may commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction, to obtain payment of his claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim.

procedure by which a decedent's creditor can make or preserve its claim against the estate. A claimant without a pending case or judgment[3] may send the personal representative a written statement of the claim that must include the basis for the claim and the amount. § 14-3804(1). Otherwise, a claimant may "commence a proceeding against the personal representative in any court where the personal representative may be subject to jurisdiction." § 14-3804(2). If the claimant chooses to send a written statement, the personal representative may allow the claim and distribute funds, disallow the claim in whole or in part, or negotiate a compromise. A.R.S. §§ 14-3806(A), 14-3807, 14-3813. If the personal representative disallows the claim, the claimant has sixty days to commence a proceeding against the personal representative, § 14-3804(3), or to petition the probate court for allowance of the claim. § 14-3806(A). The failure to timely commence a proceeding upon disallowance bars the claim. *Id.*

¶8        A claimant who filed a lawsuit against the decedent before his death is not required to present a claim. § 14-3804(2)

---

No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death.

3. If a claim is presented under paragraph 1, no proceeding thereon may be commenced more than sixty days after the personal representative has mailed a notice of disallowance; but, in the case of a claim which is not presently due or which is contingent or unliquidated, the personal representative may consent to an extension of the sixty day period, or to avoid injustice the court, on petition, may order an extension of the sixty day period, except no extension may run beyond the applicable statute of limitations.

[3]A claimant with a judgment against the personal representative has an automatic allowance pursuant to A.R.S. § 14-3806(D).

("claim . . . [not] required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death"). Likewise, if the claimant substitutes the personal representative for the decedent in the pending proceeding, a judgment against the personal representative will act as an allowance. § 14-3806(D). Neither statute provides exact procedures for an estate where the personal representative is substituted as a party to the pre-death lawsuit, although more general requirements are set out in § 14-3807(A) (governing payment of claims, including "unbarred claims which may yet be presented").

¶9        As claimants with a lawsuit pending against Bolton and upon substitution of the personal representative, Mutual Parties were not required to present a claim. § 14-3804(2). Nonetheless, Mutual Parties mailed written notice of a claim to the personal representative pursuant to § 14-3804(1). The written claim reserved rights under the exception found in § 14-3804(2) for pending proceedings. It advised the personal representative, "Claimants deem it prudent to present the Claim, thereby notifying the Personal Representative of its existence and the need for it to be administered." The Estate's disallowance only stated the undisputed principle that § 14-3804(2) does not require presentation of a claim.

¶10       Mutual Parties argue that the trial court improperly barred their claim for failing to initiate other proceedings, despite the plain language in subsection (2) that "[n]o presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death." Equally important, they contend nothing in § 14-3804 requires the claimant to file a duplicative lawsuit or initiate probate allowance procedures if a complementary claim notification is filed. We agree with this plain reading of § 14-3804.

¶11       Although the Estate acknowledges and had previously asserted this reading of § 14-3804(2), after Mutual Parties did not initiate additional proceedings, it argued below and on appeal that the subsection had no force or effect because a written claim statement was presented. Additionally, it impliedly contends that

the Pennsylvania lawsuit filed before the decedent died is a legal nullity because any resulting judgment would have been supplanted by a probate claim allowance proceeding or a second lawsuit. Judgment was entered in favor of the Estate against Mutual Parties as to "the claims set forth more fully in the [Pennsylvania Complaint]."

¶12　　The Estate principally relies on *In re Estate of Van Der Zee*, 228 Ariz. 257, 465 P.2d 439 (App. 2011).　In that case, the decedent's former husband claimed he was a known creditor of the estate based on a term in the dissolution decree requiring decedent to obtain a life insurance policy naming a mortgagee as the beneficiary.　*Id.* ¶¶ 3, 10.　The former husband presented a claim in the amount of the life insurance policy soon after the decedent died. *Id.* ¶¶ 4-5.　The estate disallowed the claim on the ground that it was unclear the former husband had standing to assert a claim for the amount of the insurance policy.　*Id.* ¶ 20.　The former husband failed to commence a proceeding within sixty days and the trial court determined, among other things, that the claim was time-barred.　*Id.* ¶¶ 7, 13.　On appeal, the former husband argued the sixty-day limit did not apply; rather, he had two years to file a claim because he was not given proper written notice as a known creditor.　*Id.* ¶ 10. The court concluded, in pertinent part, that when a claimant files a notice, § 14-3806(A) establishes a sixty-day time limit to initiate proceedings to challenge the denial of the claim.　*Id.* ¶ 13.　On its facts, however, *Estate of Van Der Zee* is limited to circumstances where the claimant does not have a judgment against the personal representative or a pending lawsuit against the decedent that was filed prior to his death.　*Id.*　¶¶ 2-7, 17.　It does not apply when a separate action is pending.

¶13　　We agree with Mutual Parties that § 14-3804, when read in its entirety, shows the intent of the Probate Code to exempt claimants with pre-death lawsuits from the procedures described for claimants without pending actions or judgments against the personal representative.　More specifically, when a claimant with a pre-death lawsuit presents notice of the claim, it does not trigger the procedures that would have applied had a lawsuit not been filed

prior to the decedent's death. Those jurisdictions that, like Arizona, have adopted portions of the Uniform Probate Code (UPC)[4] have read the notice statute as we do here. In *Lovell v. One Bancorp, Maine Sav. Bank*, 755 F.Supp. 466, 466-67 (D. Me. 1991), a complaint against the decedent for money damages was pending in the federal trial court when the decedent died and probate proceedings began. The claimants notified the estate of their pending case pursuant to Me. Rev. Stat. Ann. tit. 18-A, § 3-804(1) (1988),[5] which is nearly identical to § 14-3804(1). As in this case, the personal representative disallowed the claim and the plaintiff-claimant took no further action in the probate court. *Id*. at 467. The estate then moved for summary judgment in the federal district court on the ground that the failure to file a claim in the probate court barred the action. *Id*. at 466. In rejecting the Estate's interpretation of the probate code, the court concluded the claimant was not required to petition the probate court or to commence another proceeding. *Id*. at 467-68. The court also noted, "The claims procedures set forth in the Probate Code are not a trap for the unwary by which ongoing judicial proceedings may be vitiated. Rather they are designed to facilitate and expedite proceedings for estate distribution." *Id*. at 467. More pointedly, the court observed that requiring claimants "to file a new action against the estate when the current claims are pending in this Court would indeed exalt form over substance, rendering nonsensical the plain language of [the statute] and undermining the clear purposes of the claim presentation provisions of the Probate Code." *Id*. at 468.

¶14 The Estate does not contest the *Lovell* court's legal conclusions about the probate code, but employs its dicta to support

---

[4]Arizona adopted the bulk of the Uniform Probate Code in 1973, and it became effective in 1974. *Gonzalez v. Superior Court*, 117 Ariz. 64, 66, 570 P.2d 1077, 1079 (1977).

[5]Section 3-804 Me. Rev. Stat. Ann. tit. 18-A, was amended in 1997, but the amendment did not alter subsection (1). 1997 Me. Legis. Serv. 1st Sp. Sess. ch. 321, L.D. 1032, H.P. 755.

the alternative argument that a personal representative could also face a trap. We address that argument at ¶ 19.

¶15 The Montana Supreme Court also considered a similar fact pattern in *Reese v. Reese*, 637 P.2d 1183 (Mont. 1981). There, a former wife filed an action against her former husband based on a breach of their divorce decree. *Id.* at 1184. While that action was pending, the former husband died. *Id.* The former wife filed a claim against the estate, but the personal representative took no action on it. *Id.* The estate filed a motion to dismiss the claim in the pending case on the ground that the claim had been effectively disallowed in the probate proceeding and the former wife had failed to commence another proceeding within sixty days.[6] *Id.* The trial court denied the motion to dismiss and entered judgment in favor of the former wife. *Id.* The Montana Supreme Court concluded that the dispositive statute, Mont. Code Ann. § 72-3-804(2)—a portion of which is identical to that part of § 14-3804(2)—does not require presentation of a claim if there is a pending proceeding. It found the notice statute plain, unambiguous, direct, and certain. *Id.* at 1184-85. Further, it concluded, "filing an action thereon *following disallowance* was not required under the plain language of [the probate code]." *Id.* at 1185 (emphasis added).

¶16 The Estate argues in the alternative that Mutual Parties' voluntary claim requires their compliance with subsection (3). The Estate first relies on *In re Estate of Schmidt*, 596 A.2d 1124 (Pa. Super. Ct. 1991). In that case, the decedent and his former law partners breached a rental agreement and the leasing company filed a claim

---

[6]At the time the claim was asserted in *Reese*, the Montana statute defaulted to disallowance if the personal representative failed to mail notice. *See Bozeman Deaconess Hosp. v. Estate of Rosenberg*, 731 P.2d 1305, 1307 (Mont. 1987) (quoting Mont. Code Ann. § 72-3-805(1) (1975)). This distinction obviates the Estate's attempt to distinguish *Reese* on the basis that the personal representative took no action. In *Reese*, as here, the claim was disallowed, whether by action or inaction of the personal representative.

for past rent in the Pennsylvania Orphans' Court. *Id*. at 1125-26. A week after filing the claim, the company filed a complaint for breach of the lease in the District of Columbia against all present and former partners. *Id*. at 1126. The leasing company attempted to withdraw its claim in Pennsylvania, but the court refused. *Id*. at 1127. The court set a hearing on the merits of the claim, but the leasing company failed to appear and the court denied the claim. *Id*. The leasing company appealed, arguing that the claim it had filed was simply a notice and did not commence an action, thus depriving the orphans' court of jurisdiction. *Id*. at 1127-28. Pennsylvania's Superior Court affirmed, concluding the notice of claim and participation in the audit proceedings provided jurisdiction to the orphans' court, also noting that when the estate filed the claim, no litigation was yet pending. *Id*. at 1128-29. *Estate of Schmidt* is not applicable here, where litigation was pending before Bolton died, rendering applicable the specific exception to presentation found in § 14-3804(2).

¶17        The Estate also argues from particular statutes and court rules where a party must comply with certain requirements even though the initial undertaking is voluntary. The Estate first points to Rule 56(f)(4), Ariz. R. Civ. P., which states that a moving party need not file a response in support of summary judgment, but, "*[i]f such a party elects to file a response*, it must be filed no later than two days before the hearing." (Emphasis added.) Unlike the statute here, that rule's plain language imposes a deadline when a party voluntarily elects to do something that is not required.

¶18        The Estate next relies on A.R.S. § 42-5002(A)(1), which states: "A person who imposes an added charge to cover the [transaction privilege tax] . . . shall not remit less than the amount so collected to the [Arizona Department of Revenue]." *See also Ariz. Dept. of Revenue v. Action Marine, Inc.*, 218 Ariz. 141, ¶ 8, 181 P.3d 188, 189 (2008) (noting taxpayers are not required to collect transaction privilege tax from customers). In both instances, the plain language clearly applies the requirements to those who have voluntarily chosen to do something. There is no such language here, where the presentation of claims statute simply says it is not

"required" when a case is pending and imposes no express requirements when a party voluntarily presents a claim. § 14-3804(2).

**¶19**        Finally, the Estate argues that a claimant with a pending lawsuit should not be permitted to present a claim based on that action because it places an unfair burden on personal representatives if they fail to disallow the claim. Even assuming this to be true,[7] it is a policy argument that must be addressed to the legislature.[8] We are required to apply the plain meaning of a statute unless such application would lead to absurd results. *Bilke v. State*, 206 Ariz. 462, ¶ 11, 80 P.3d 269, 271 (2003). "[W]e are 'not at liberty to rewrite [a] statute under the guise of judicial interpretation.'" *New Sun Bus. Park, LLC v. Yuma Cnty.*, 221 Ariz. 43, ¶ 16, 209 P.3d 179, 183 (App. 2009), *quoting State v. Patchin*, 125 Ariz. 501, 502, 610 P.2d 1062, 1063 (App. 1980). Thus, even assuming arguendo we agreed, "'[w]e do not sit as a second legislature to rewrite laws that may strike us as improvident.'" *State v. Gonzalez*, 216 Ariz. 11, ¶ 9, 162 P.3d 650, 653 (App. 2007), *quoting In re Pima Cnty. Juv. Action No. 74802-2*, 164 Ariz. 25, 34, 790 P.2d 723, 732 (1990).

## Disposition

**¶20**        We conclude the plain language of § 14-3804(2) provides that a claimant with a pending claim in another court need not present a claim pursuant to § 14-3804(1), and if the claimant does present the claim to the estate, unnecessary though it is, the presentation does not nullify the exemption provided by the statute

---

[7]*But c.f.*, *Blaser v. Cameron*, 116 Idaho 453, 456, 776 P.2d 462, 465 (App. 1989) (absence of estate objection to probate claim did not affect claimant's lawsuit extant at decedent's death, the latter of which "will will determine the merits of the claim and of the legal and equitable defenses raised against it").

[8]The merits of this position are debatable. For instance, the personal representative has a safety net allowing the status of a claim to be reversed, for example from allowed to disallowed, for a short period of time. § 14-3806(B).

for claimants who have commenced proceedings for the same claim before the decedent's death.[9]

**¶21**　　　　We reverse the judgment against Mutual Parties and remand for proceedings consistent with this decision.

_____

[9]Because we reverse on Mutual Parties' first argument, we do not address their second argument that the Pennsylvania substitution of the personal representative satisfied the requirements of § 14-3804(3).