No. 90-272

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

ARVID GRIER,

        Plaintiff,

    -vs-

NATIONWIDE MUTUAL INSURANCE COMPANY,

        Defendant.

FILED

JUN - 4 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

        For Plaintiff:

            Richard Reep argued; Graham, Reep & Spoon, Missoula, Montana

        For Defendant:

            Paul C. Meismer argued; Garlington, Lohn & Robinson, Missoula, Montana

        For Amicus Curiae:

            Molly Shepherd; Worden, Thane & Haines, Missoula, Montana

                            Submitted: May 9, 1991

                            Decided: June 4, 1991

Filed:

_____
                    Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This is a certified question submitted by the United States District Court for Montana. This Court accepted certification of the question by order dated June 5, 1990.

The certified question as presented by the federal court was:

> Is an offset provision in an "underinsured motorist" policy, entitling the insured to an offset for an amount equal to the liability coverage available from a responsible tortfeasor, void as contrary to the public policy of the State of Montana?

We rephrase the question as follows:

> Does the contested provision contained in this insurance policy provide uninsured motorist coverage or underinsured motorist coverage? If it provides uninsured motorist coverage, is the offset provision void as contrary to the public policy of the State of Montana?

Nationwide Mutual Insurance Company (Nationwide) issued a policy of automobile liability insurance to Arvid Grier, a resident of Missoula, Montana. The policy provided coverage for Grier's 1988 Dodge Caravan from December 8, 1988, through December 8, 1989.

On December 19, 1988, while driving his Dodge Caravan, Grier was rear-ended by a driver insured by Farmers Union Insurance Company for the statutory minimum $25,000 for bodily injury. Grier suffered severe and permanent injuries for which Farmers Union Insurance Company has paid its entire $25,000 policy limit. Grier now seeks to recover under his own insurance policy.

2

The pertinent provision of the Nationwide insurance policy is found at page 3 of the 1999B endorsement, under the UNINSURED MOTORISTS coverage:

> **We** will pay compensatory **bodily injury** (meaning **bodily injury**, sickness, disease, or death) damages that are due **you** by law from the owner or driver of an uninsured **motor vehicle** . . .
> . . .
> An uninsured **motor vehicle** is:
> . . .
> 2. one which is underinsured. This is one for which there are bodily injury liability coverage or bonds in effect. Their total amount, however, is less than the limits of this coverage. These limits are shown in **your** policy's Declarations.

The policy also provides, on the same page, under LIMITS OF PAYMENT, that "[t]he limits of this coverage will be reduced by any amount paid by or for any liable parties." Grier's policy of insurance included UNINSURED MOTORISTS coverage in the amounts of $25,000 for each person and $50,000 for each occurrence.

This Court has been consistent in invalidating insurance contract clauses wherein the insurer attempts to limit its liability for uninsured motorist coverage. See, e.g., Sullivan v. Doe (1972), 159 Mont. 50, 495 P.2d 193; Guiberson v. Hartford Cas. Ins. Co. (1985), 217 Mont. 279, 704 P.2d 68. The purpose of Montana's uninsured motorist statute, § 33-23-201, MCA, is the protection of persons insured from acts of the uninsured. Guiberson, 704 P.2d at 74.

3

Montana has no statutory insurance requirement concerning underinsured motorists. The question presented by the federal court was whether the public policy prohibiting offsets against coverage for uninsured motor vehicles also extends to cases involving underinsured motorists. The parties have briefed this issue at length.

However, the insurance policy in this case is set up in a unique fashion. As set forth above, the "underinsured" motorist provision is part of the section on uninsured motorist coverage. There is no separate policy section providing for underinsured motor vehicle coverage. According to the declarations page of the policy, no separate premium was charged for underinsured motorist coverage. In fact, the declarations page makes no mention whatsoever of underinsured motor vehicle coverage. We conclude that, under these circumstances, the "underinsured" coverage is part of the uninsured motor vehicle coverage. As such, the public policy of Montana prohibits any offset for the amount of coverage carried by the third-party tortfeasor.

As the parties noted in oral argument, this Court is not presented with the issues of whether the insurance policy is ambiguous or whether the vehicle driven by the tortfeasor was "underinsured" under Grier's insurance policy. Those are issues to be resolved in the federal court.

4

The answer to the certified question as we have restated it is that the "underinsured" provision in question is part of the uninsured motor vehicle coverage and that no offset is permissible.

_____
                      Chief Justice

We concur:

_____

_____

_____

_____

_____

_____
                      Justices

5