No. 92-518

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

CAROL L. MIKESELL,

Petitioner and Respondent,

and

LAURENCE R. MIKESELL,

Respondent and Appellant.

FILED

APR 5 - 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Terry G. Sehestedt, Attorney at Law,
Missoula, Montana

For Respondent:

Clinton Kammerer, Attorney at Law
Missoula, Montana

Submitted on Briefs: February 4, 1993

Decided: April 5, 1993

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Laurence R. Mikesell appeals a judgment entered by the District Court of the Fourth Judicial District, Missoula County, denying his motion to set aside a default judgment. We affirm.

The issue is:

Did the District Court err in denying Laurence's motion to set aside the default judgment?

The parties were married in December 1965. On July 2, 1991, respondent Carol Mikesell petitioned the court for dissolution of the marriage. Laurence was served with a copy of the petition and summons on July 22, 1991, but failed to answer or appear in any way in response to the petition. On October 22, 1991, a default judgment was entered against Laurence. On December 19, 1991, he moved to set aside the default, and Carol responded with a motion to dismiss on December 30, 1991. On February 24, 1992, the court denied Laurence's request to set aside the default, and it is from that order that Laurence appeals.

Did the District Court err in denying Laurence's motion to set aside the default judgment?

Our standard of review of a trial court's ruling on a motion to set aside a default judgment is abuse of discretion. Blume v. Metropolitan Life Insurance Co. (1990), 242 Mont. 465, 791 P.2d 784 (citing Lords v. Newman (1984), 212 Mont. 359, 364, 688 P.2d 290, 293, wherein we said that "[n]o great abuse of discretion need be shown to warrant reversal.")

Rule 55(c), M.R.Civ.P., states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

In Blume, we stated:

> In order to justify the district court in granting the motion [to set aside a default judgment], the defendant [is] required to show: (a) That he proceeded with diligence; (b) his excusable neglect; (c) that the judgment, if permitted to stand, will affect him injuriously, and that he has a defense to plaintiff's cause of action upon the merits.

Blume, 791 P.2d at 786.

In Blume, the defendant produced evidence to support its motion to set aside the default judgment. In that case, the summons, complaint, and documents were received in defendant's mail room, but were lost before anyone in authority saw them. The defendant produced several supporting affidavits to show that no one had knowledge of the service. This Court emphasized that "upon learning of the default judgment against it, Metropolitan proceeded with the utmost diligence." Blume, 791 P.2d at 786. In that case, this Court held that the district court abused its discretion in refusing to vacate the default judgment because "[t]he evidence produced by Metropolitan . . . demonstrates that its failure to appear was not due to any inexcusable neglect or disrepect for the court or judicial process." Blume, 791 P.2d at 787.

Here, Laurence showed disrespect for the judicial process when he completely ignored the petition and summons that he received on July 22, 1991, and even though he claimed that he attempted to hire

3

an attorney upon receipt of the petition, acknowledged that he failed to pay him a retainer. He was not even able to recall the name of the attorney. He made no attempt to enter his appearance individually in person, or by phone or letter.

Laurence now claims that the default judgment should be vacated on the grounds that Carol made fraudulent misrepresentations to the court. Rule 60(b), M.R.Civ.P., states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . ."

The alleged misrepresentations were concerning Laurence's salary, Carol's salary, the child's age and academic status, the proceeds from Laurence's van, Carol's right to life insurance paid by Laurence, and the value of items of machinery and other property. These allegations are not relevant to the issue of setting aside the default judgment.

In this case, we hold there was no abuse of discretion. We affirm.

_____
Justice

We concur:

_____
Chief Justice

4

Justices

April 5, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Terry G. Sehestedt
Attorney at Law
P.O. Box 8281
Missoula, MT 59807

Clinton H. Kammerer
Kammerer Law Offices
101 E. Broadway, Ste. 200
Missoula, MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy