No. 95-106

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN THE MATTER OF

DAVID CLARKE,

     Petitioner/Appellant,

-v-

SCOTT MASSEY, d/b/a ALL
SEASONS CONSTRUCTION,

     Respondent/Respondent.

**FILED**

JUN 27 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court
                  The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Mark E. Jones, Missoula, Montana

     For Respondent:

     Kristine L. Foot, Missoula, Montana

Submitted on Briefs:   June 1, 1995

Decided:   June 27, 1995

Filed:

_____
            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

David Clarke (Clarke) appeals from the Workers' Compensation Court's order and judgment dated January 27, 1995, dismissing with prejudice his petition for attorney fees under § 39-71-611, MCA. We affirm.

## Background

This case began with Clarke's claim for compensation for on-the-job injuries sustained in February 1990. As it turned out, Clarke's employer, Scott Massey d/b/a All Seasons Construction and Truss Fabrication (Massey), did not carry workers' compensation insurance. Accordingly, Clarke's workers' compensation benefits were paid by the Uninsured Employers' Fund (Fund), which, in turn, assessed a penalty against Massey and asserted its right to be repaid for benefits it had paid to Clarke. Massey brought suit against the Fund and Clarke contending that Clarke was either an independent contractor or acting outside the scope of his employment when he was injured. On November 12, 1991, the Workers' Compensation Court issued its decision finding that Clarke was Massey's employee and directing that Massey reimburse the Fund for all amounts expended on Clarke's claim subject to the limitations prescribed by § 39-71-504, MCA. The Workers' Compensation Court denied Clarke's claim for attorney fees as having been made for the first time in proposed findings filed after trial.

Prior to that decision, however, in January 1991, Clarke filed an action against Massey in District Court in Missoula County seeking damages, attorney fees and costs under §§ 39-71-515 and

2

516, MCA. In that action, Clarke contended, among other things, that he was entitled to an award of attorney fees against Massey incurred in both the Workers' Compensation Court and District Court proceedings. The District Court awarded Clarke damages against Massey for lost wages and medical expenses (subject to the § 39-71-518, MCA, offset and the § 39-71-511, MCA, reimbursement obligation for benefits paid) and for attorney fees and costs in the District Court action. It denied Clarke's claim for attorney fees in the Workers' Compensation Court proceedings, however, on the basis that the District Court did not have jurisdiction to award fees in those proceedings.

The Workers' Compensation Court file was closed February 7, 1992. Notwithstanding, on March 9, 1994, Clarke filed a motion in that court requesting an award of some $3,900 in attorney fees incurred in his defense of the underlying 1991 Workers' Compensation Court action. The court reopened the file, and on June 8, 1994, entered an order denying, without prejudice, Clarke's motion and permitting the filing of a new petition. The Workers' Compensation Court concluded that the previous denial of Clarke's demand for attorney fees was the law of the case, but since that prior ruling had been on procedural, as opposed to substantive, grounds, the filing of a new petition for attorney fees was not precluded. On July 14, 1994, the court again closed the Workers' Compensation Court's file.

Clarke filed his petition requesting attorney fees on August 25, 1994. Following the filing of Massey's response, both parties

3

filed cross motions for summary judgment supported by briefs. On January 27, 1995, the Workers' Compensation Court issued its final order and judgment granting Massey's motion for summary judgment, denying Clarke's motion and dismissing with prejudice Clarke's petition. Clarke appeals.

## Issue

Did the Workers' Compensation Court err in granting Massey's motion for summary judgment and in dismissing Clarke's petition for attorney fees? Underlying that question is the issue of whether the Workers' Compensation Court properly interpreted the provisions of § 39-71-611, MCA (1989), in this case.

## Standard of Review

The standard of review for an appeal from the Workers' Compensation Court's grant or denial of a motion for summary judgment is the same as that used by a district court. We determine whether there is an absence of genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Our review of the court's conclusions of law is plenary; we simply determine whether its legal conclusions are correct. Murer v. State Compensation Mut. Ins. (1994), 267 Mont. 516, 519-20, 885 P.2d 428, 430. Here, there are no material facts in dispute, and the resolution of the issue presented hinges upon the Workers' Compensation Court's interpretation of § 39-71-611, MCA (1989).

## Discussion

Clarke presents two arguments on appeal. First he contends

4

that reading §§ 39-71-117, MCA, 39-71-401, MCA, and 39-71-611, MCA, together leads to the conclusion that Massey was an employer; that he was, therefore, required by law to carry workers' compensation insurance under one of three plans; and that, since he did not enroll in either the state fund or retain the services of a private insurer, "he should be consider [sic] a self-insured for the purposes of MCA 39-71-611." While creative, Clarke cites no persuasive authority for his position, and we conclude that it is without merit. Common sense and the plain language of the statutes at issue dictate that an employer cannot, at once, be both insured and uninsured for the same workers' compensation claim.

Secondly, Clarke argues that we should look behind the plain language of § 39-71-611, MCA, and somehow glean a legislative intent that the statute, nevertheless, applies to uninsured employers because, "[i]t stretches credulity that any legislature would intend that an individual who violates one law should benefit by such a violation." Clarke's references to words of wisdom from Justices Holmes and Hand and from Judge Traynor notwithstanding, we, similarly, conclude that this argument is without any basis whatsoever in law.

At the outset, we note that the 1989 codes apply to Clarke's 1990 injury. Buckman v. Montana Deaconess Hosp. (1986), 224 Mont. 318, 321, 730 P.2d 380, 382. Section 39-71-611, MCA (1989), permits the Workers' Compensation Court to award reasonable attorney fees against insurers who have unreasonably denied benefits due a claimant. That section provides:

5

uninsured employers, nor is there any indication whatsoever from that language of any legislative intent that the statute be so applied. The statute refers to insurers and to no one else. Under 39-71-116(8), MCA (1989), an "'[i]nsurer' means an employer bound by compensation plan No. 1, an insurance company transacting business under compensation plan No. 2, the state fund under compensation plan No. 3, or the uninsured employers' fund provided for in part 5 of this chapter." It is undisputed that Massey does not fit into any category of that statutory definition. He is simply an uninsured employer, and § 39-71-611, MCA (1989), is inapplicable to him by its clear and unambiguous terms.

We hold that the Workers' Compensation Court correctly interpreted § 39-71-611, MCA (1989), in this case and, in doing so, properly granted Massey's motion for summary judgment and dismissed with prejudice Clarke's petition for attorney fees.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7