NO. 95-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF

CAROL L. MIKESELL,

      Petitioner and Respondent,

  and

LAURENCE R. MIKESELL,

      Respondent and Appellant.

FILED

MAY 06 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Terry G. Sehestedt, Attorney at Law, Missoula,
Montana

      For Respondent:

          Clinton H. Kammerer, Attorney at Law, Missoula,
Montana

Submitted on Briefs:  January 25, 1996

Decided:  May 6, 1996

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Laurence Mikesell (Laurence) appeals from the opinion and order entered by the Fourth Judicial District Court, Missoula County, empowering the Social Security Administration (SSA) to garnish his social security benefits for delinquent child support and maintenance payments due Carol Mikesell (Carol) pursuant to their dissolution decree. Addressing only a portion of the order, we reverse.

The sole issue on appeal is whether the District Court erred in concluding that social security benefits may be garnished for unpaid maintenance accruing after a corresponding child support obligation terminates, but remains unpaid.

Laurence and Carol married on December 17, 1965, in Missoula, Montana. Their one child, Teddi, was born in 1973. In 1991, Carol petitioned for dissolution of the marriage and, after Laurence failed to appear or answer, the District Court entered his default and a final dissolution decree. Laurence moved to set aside the decree entered on his default, the District Court denied the motion and Laurence appealed. We affirmed in In re Marriage of Mikesell (1993), 257 Mont. 482, 850 P.2d 294.

The final decree designated Carol as Teddi's primary residential parent while Teddi completed high school and required Laurence to pay $250 per month child support for that seven-month period. It also required him to pay Carol $500 per month

maintenance for five years. Laurence did not make any of the child support or maintenance payments.

In 1995, Carol moved the District Court for an order determining child support and maintenance arrearages. Laurence responded by admitting that Carol's calculations of the arrearage amounts were correct. The District Court entered an order determining child support arrearages of $1,750 and maintenance arrearages of $21,000 through March of 1995, for a total amount due Carol of $22,750, plus interest.

Carol subsequently requested the District Court to issue an order directing the SSA to withhold the total delinquent child support and maintenance amounts **from** Laurence's social security benefits. Laurence contended that his benefits could be garnished only for maintenance which accrued during the seven months of court-ordered child support while Carol was Teddi's custodial parent. The District Court granted Carol's request and empowered the SSA to withhold the total amount of unpaid child support and maintenance. Laurence appeals.

Did the District Court err in concluding that social security benefits may be garnished for unpaid maintenance accruing after a corresponding child support obligation terminates, but remains unpaid?

We clarify at the outset that Laurence does not challenge the District Court's order insofar as it relates to garnishment of his social security benefits for the seven months of child support and for the seven months of maintenance which became due during the time Carol was Teddi's residential custodian. Thus, we do not address that portion of the District Court's order authorizing

3

garnishment of Laurence's social security benefits for child support in the amount of $1,750 ($250 x 7) and maintenance in the amount of $3,500 ($500 x 7).

Generally, social security benefits are exempt from "execution, levy, attachment, garnishment, or other legal process. . . ." 42 U.S.C. § 407(a). The statute "imposes a broad bar against the use of any legal process to reach all social security benefits." Dean v. Fred's Towing (1990), 245 Mont. 366, 371, 801 P.2d 579, 582 (citing Philpott v. Essex County Welfare Bd. (1973), 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608). However, legal process brought for the enforcement of a party's legal obligations to provide child support or make maintenance payments is a specific exception to the broad exemption from garnishment provided to social security benefits by 42 U.S.C. § 407. 42 U.S.C. § 659. Section 659 does not create a statutory right to relief via garnishment; it merely removes the obstruction of sovereign immunity from a garnishment proceeding otherwise authorized by state law. See Williamson v. Williamson (Ga. 1981), 275 S.E.2d 42, 45, cert. denied, 454 U.S. 1097.

In Montana, both property exempt from execution and specific exceptions to those exemptions are contained in § 25-13-608, MCA. Subsection (1) of the statute exempts federal social security benefits to which the judgment debtor is entitled from execution; subsection (2) provides in pertinent part:

> (2) Veterans' and social security legislation benefits based upon remuneration for employment, as defined in 42 U.S.C. 662(f), are not exempt from execution if the debt for which execution is levied is for:

4

        (a)  child support; or

        (b)  maintenance to be paid to a spouse or former spouse if the spouse or former spouse is the custodial parent of a child for whom child support is owed or owing and the judgment debtor is the parent of the child.

Section 25-13-608, MCA.

The District Court concluded that § 25-13-608(2)(b), MCA, permits social security benefits to be garnished for all unpaid maintenance if child support amounts remain owing. In doing so, the court rejected Laurence's argument that the statute does not authorize garnishment for maintenance which became owing after Carol ceased to be Teddi's custodian. We review a district court's conclusion of law to determine whether it is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (citation omitted).

The resolution of the issue before us rests on the proper interpretation of § 25-13-608(2)(b), MCA. In construing a statute, "the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. The intention of the legislature must be pursued. Section 1-2-102, MCA. If the language of the statute is clear and unambiguous, it requires no further interpretation; we will not resort to other means of interpretation unless the legislature's intent cannot be determined from the plain words of the statute. Clarke v. Massey (1995), 271 Mont. 412, 416, 897 P.2d 1085, 1088 (citation omitted).

Under § 25-13-608(2)(b), MCA, social security benefits can be garnished for maintenance to be paid to a spouse or former spouse under the following three conditions: 1) the spouse or former spouse is the custodial parent of a child; 2) child support is owed or owing for that child; and 3) the judgment debtor is the parent of the child for whom child support is owed or owing. We address the conditions in reverse order.

The third condition, that the judgment debtor be the parent, is clear and unambiguous. Moreover, that Laurence satisfies this condition is not in dispute.

The second condition, that child support is owed or owing, provided the basis for the District Court's conclusion that Laurence's social security benefits could be garnished for the entire amount of unpaid maintenance. "Owed" is defined as "[t]o be bound to do . . something, especially to pay a debt;" "owing" means "[u]npaid." Black's Law Dictionary 1105 (6th ed. 1990) This clear and unambiguous condition also is satisfied here by the $1,750 in court-ordered child support which Laurence concedes remains unpaid.

The first condition contained in § 25-13-608(2)(b), MCA, **limits** garnishment of social security benefits for maintenance to maintenance to be paid to a former spouse who "is" the custodial parent of the child for whom child support is owed. The language of the statute clearly and unambiguously requires the former spouse to be the custodial parent during the period the maintenance to be

6

paid, and for which social security benefits can be garnished, accrues.

In interpreting statutes, we must give language its plain meaning. Stansbury v. Lin (1993), 257 Mont. 245, 249, 848 P.2d 509, 511 (citation omitted). Moreover, we cannot properly interpret a statute **so** as to **omit** any portion thereof. See § 1-2-101, MCA. Reading all portions of the statute at issue together, we conclude that § 25-13-608(2)(b), MCA, authorizes garnishment of a parent judgment debtor's social security benefits for maintenance to the extent that the maintenance is or was to be paid to the former spouse while the former spouse was the custodial parent of the child to whom child support is due and owing.

In this case, child support for Teddi from Laurence was ordered in 1991 for a seven-month period. None of that child support was paid and it remains owed and owing under § 25-13-608(2)(b), MCA. Maintenance from Laurence to Carol also was ordered in 1991, but for a period of five years; like the child support, none of the maintenance was paid. However, Carol was Teddi's custodial parent for only seven months of the period during which maintenance was to be paid to her. Thus, the three conditions under which social security benefits may be garnished for maintenance pursuant to § 25-13-608(2)(b), MCA, were satisfied only during the seven-month period for which Carol was Teddi's custodial parent. After Carol was no longer Teddi's custodial parent, the first condition of § 25-13-608(2)(b), MCA, for garnishment of social security benefits for maintenance--that the

7

maintenance accrue while the former spouse is the custodial parent--was no longer satisfied.

We conclude that Laurence's social security benefits can be garnished for maintenance only for the amount of maintenance which accrued during the period that Carol was Teddi's custodial parent. We hold, therefore, that the District Court erred in concluding that social security benefits are subject to garnishment for all maintenance that accrues while an unpaid child support obligation exists.

Reversed and remanded for the entry of an order consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8