**Adeline MOORE, as Personal Representative of the Estate of John W. Moore, Deceased, and Individually, John C. Moore, a minor, by Carol F. Morrell, his natural mother and conservator, and Carol F. Morrell, Individually, Plaintiffs,**

v.

**SAFECO INSURANCE COMPANY, Defendant.**

No. CV 96–134–GF–DWM.

United States District Court, D. Montana, Great Falls Division.

March 4, 1997.

---

7. See Cal.Civ.Code § 3333 (West 1970).

**210**

Alexander Blewett, III, Hoyt & Blewett, Great Falls, MT, for Adeline Moore, John W. Moore, John C. Moore, Carol F. Morrell.

Robert J. Phillips, Phillips & Bohyer, P.C., Missoula, MT, for Safeco Ins. Co.

### ORDER

MOLLOY, District Judge.

#### I. Background

From the plaintiff's view this case involves "one of the more spectacular ambiguities in the history of the insurance industry." (Br.Sup.J.Pleadings at 3) The insurer is not quite so sure, arguing its Policy is unique to Montana and must be read in light of Montana case law and statutes dealing with the issue of stacking UM/UIM coverages. As I see it, the policy is ambiguous and as a consequence must be construed to provide the stacked coverage.

After oral argument my view was that if the only basis for Count II of the complaint was a violation of Montana Code Annotated § 33–18–201(4), the defendant's motion for summary judgment was on fairly strong ground. However, the summary judgment motion, unlike the motion for judgement on the pleadings, is susceptible to proof outside the pleadings themselves. At this point it would be premature to grant the motion filed by defendant Safeco. Instead, ruling on that motion is stayed pending development of a plan of limited discovery to determine whether there is a basis to proceed with the Unfair Claim Settlement Practices Cause of Action.

#### II. Facts

The facts supporting the claims in Count I of the complaint are not in dispute. Safeco issued an automobile insurance policy to John Moore. The policy insured two outfits,

a Ford Taurus and a Ford Pickup. [Def.'s Facts ¶¶ 1–2.] On March 8, 1995, Moore was driving his Ford Taurus. His wife Adeline and his son John were passengers. Knapp negligently caused a serious crash with Moore's Taurus. [Def.'s Facts ¶ 5.] Moore died as a result of the injuries he received in the collision. His wife and son were badly injured. [Compl. ¶ 3.]

State Farm insured Knapp under a single policy with a limit of $500,000. It paid in excess of that limit to the Moores. [Def.'s Facts ¶¶ 6–7.] However, without question, the Moores suffered damages in excess of $500,000. The Declarations page of Moore's insurance policy shows that he bought UM/UIM Coverage. He paid separate premiums for each of his vehicles for uninsured/underinsured coverage of $50,000.00 per accident on each vehicle. [*See* Policy] Safeco has little resistance to plaintiff's claimed damages exceeding $500,000.00. It does claim the policy language precludes stacking the UIM coverage. Relying on its belief and the construction of its own policy, Safeco paid $50,000.00 to the Moores as the limit of the underinsured motorist coverage on the Ford Taurus. [Compl. ¶ 5.] It refused to pay the stacked limits.

### III. Discussion

#### A. Count I

■ The issue is whether the Moores are entitled to stack the underinsured coverage for the two vehicles under their single policy. Moore asserts that she is entitled to collect an additional $50,000.00 under the underinsured motorist coverage for the Ford Pickup, which was not involved in the accident. In denying the underinsured motorist coverage on the Ford Pickup, Safeco relies on what it characterizes as the plain terms of the insurance contract. Moore on the other hand, argues that the insurance policy is ambiguous and that the ambiguity should be construed against Safeco to find coverage.

Both parties discuss *Farmers Alliance v. Holeman*, 924 P.2d 1315 (Mont.1996), a recent case in which the Montana Supreme Court answered a certified question from the U.S. District Court, Billings Division. The question certified was whether Section 33–23–203 MCA prohibits the stacking of underinsured motorist coverage where a premium is charged for coverage of each motor vehicle listed in the policy.

The stacking of *uninsured* motorist coverage for multiple vehicles under a single policy is prohibited under Section 33–23–203 MCA unless the policy specifically provides otherwise. *Holeman*, 924 P.2d at 1317. However, § 33–23–203 "does not prohibit the stacking of ... *under*insured motorist coverage available under a policy of motor vehicle liability insurance policy where a premium is charged for coverage of each motor vehicle listed within that policy." *Id.* at 1320. The court did "not consider whether the terms of the insurance contract prohibit stacking." *Id.* at 1317.

Here the terms of the insurance policy attempt to prohibit stacking. Under Part C of the policy—Uninsured/Underinsured Motorists Coverage—Safeco's liability is limited as follows:

[T]he limit of liability shown in the Declarations for each accident for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

. . .

3. Vehicles or premiums shown in the Declarations....

*Insurance Policy* at 6.

Safeco claims that this is clear and unambiguous contract language that serves to limit its liability in this case to $50,000.00. [*See* Def.'s Br. at 8.] Moore argues the policy language is undercut by policy provisions that create an ambiguity. A provision found at Page 12 of the Policy provides the underlying premise for Moore's position.

If this policy insures two or more autos ... the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

1. This provision does not apply to Uninsured/Underinsured Motorists Coverage.

2. No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured/Underinsured Motorists Coverage.

*Part F—General Provisions,* at 12.

Safeco believes that the Limits of Liability provision in the U/U coverage section govern because "by its terms" the Two–or–More–Autos provision does not apply to U/U coverage. Therefore, it does not modify or affect the Limits of Liability section.

Moore's position is more persuasive. Under Montana law, the interpretation of an insurance contract is an issue of law. *Leibrand v. National Farmers Union Property & Cas. Co.,* 272 Mont. 1, 898 P.2d 1220 (1995). Ambiguities are construed against the insurer. *Leibrand,* 898 P.2d at 1223. An ambiguity is found where "different persons looking at the clause in light of its purpose cannot agree upon its meaning." *Id.* at 1223. The policy language utilized must be examined for ambiguity "from the viewpoint of an consumer of average intelligence, not trained in the law or in the insurance business." *Id.* at 1224. Further, "exclusions and words of limitation in a policy must be strictly construed against the insurer regardless of whether or not they are ambiguous." *Id.* Lastly, in determining an ambiguity the court must find that "the contract taken as a whole in its wording or phraseology is reasonably subject to two different interpretations." *Allstate Ins. Co. v. Skorupa,* 1993 WL 839961 at *1 (citing *Canal Ins. Co. v. Bunday,* 249 Mont. 100, 813 P.2d 974, 977 (1991)).

Applying these principles to this case, the Safeco contract is ambiguous. Because it is ambiguous it is construed to provide the Underinsured coverage Moore demands. Here, the dispute is about the meaning of the "Two or More Autos" clause in the General Provisions section of the policy. Safeco says that by its terms it does not apply to U/U coverage and that the Limit of Liability section in the U/U coverage section therefore governs.

An example is useful to demonstrate Safeco's reading of the Policy. First I assume an insured has a policy covering two vehicles, A & B. A carries a $500,000.00 limit for bodily injury and a $50,000 in U/U coverage. B carries a $100,000 limit for bodily injury and a $25,000 limit in U/U. If I assume there is a wreck involving B, the "Two or More Autos" clause under the Safeco analysis would operate to limit Safeco's maximum liability to $500,000 for bodily injury. However, because the clause on page 6 of the policy does not apply to U/U coverage, its liability for U/U coverage would be $25,000.

Moore would analyze the situation differently. He would say that the clause on page 12 of the policy excludes U/U coverage from its limiting language. Therefore, in the example above, Safeco's liability would be limited to $500,000 for bodily injury, but would be $75,000 for U/U coverage because the two policies could be stacked.

■ A clause is examined for ambiguity "in light of its purpose." Yet Safeco has not stated the purpose of the "Two or More Autos" clause. Its purpose appears to be to limit the effect of stacking. If so, that purpose is now redundant in light of § 33–23–203 MCA and *Farmers Alliance v. Holeman,* 924 P.2d 1315 (Mont.1996).

When the language of the "Two or More Autos" clause is examined from the viewpoint of "a consumer of average intelligence" it is ambiguous. It can reasonably be construed to mean that U/U coverage is not limited to the highest limit applicable to any one auto. Viewed in this light, the "Two or More Autos" clause in the General Provisions section contradicts the Limit of Liability provision within the U/U section of the policy which attempts to prohibit stacking.

■ Safeco attempts to exploit any uncertainty engendered by *Holeman* by linking it to *Grier v. Nationwide Mut. Ins. Co.,* 248 Mont. 457, 812 P.2d 347 (1991). The latter case characterized underinsured coverage as part of uninsured coverage in the policy at issue. *Grier,* 812 P.2d at 349. Safeco reasons that if underinsured coverage is included in uninsured coverage then § 33–23–203 MCA does preclude stacking. This argument is not persuasive. In *Grier,* the policy at issue made no mention of underinsured coverage in the declarations page and the

underinsured coverage was defined within the insured coverage. Here, underinsured coverage is specifically mentioned in the declarations page and is defined separately to uninsured coverage. Therefore, Safeco cannot bring underinsurance coverage within the statutory prohibition on the stacking of uninsured coverage by arguing that underinsurance is part of uninsured coverage.

### B. Count II

 Safeco moved for summary judgment on Count II, the bad faith claim. That claim is brought pursuant to the Montana Unfair Claims Settlement Practices Act, Section § 33–18–201 MCA and § 33–18–242. The act provides that "An insurer may not be held liable under this section if the insurer has a reasonable basis in law or in fact for contesting the claim or the amount of the claim, whichever is in issue." MCA § 33–18–242(5).

Moore argues that the ambiguity in the policy is so blatant that Safeco has no reasonable basis in law for contesting the claim. As discussed above, Moore has a good argument that the policy is ambiguous, but his argument is not so good that it would be unreasonable to quarrel with it. I would alter this view if there is some showing that Safeco has in the past been questioned about this policy language. If there is some proof extant that demonstrates Moore's claim is not the first in the state of Montana to raise the issue, then perhaps Count II should proceed. The discussion above indicates that Safeco had a reasonable basis in law for contesting Moore's claim and absent proof of something more than was advanced at the hearing as a reason to find "unfair" claims practices, I would grant the defendant's motion for summary judgment.

### IV. Conclusion

Moore has the stronger argument on the issue of whether the policy is ambiguous. The "Two or More Autos" clause can reasonably be read to contradict the Limits of Liability clause in the U/U section of the policy. This ambiguity, when construed against the insurer, means that Moore is entitled to Judgment on the Pleadings as to Count I of his complaint.

At this point I will not rule on Safeco's motion for summary judgment. Therefore,

IT IS ORDERED, that plaintiff's motion for judgment on the pleadings be, the same hereby is, granted. The clerk is directed to enter judgment for the plaintiff on Count I of the complaint.

IT IS FURTHER ORDERED, that consideration of Safeco's motion for summary judgment is stayed pending development of a discovery plan, limited in scope, to establishing whether or not Safeco has in the past denied similar claims, paid similar claims, or has had the policy in question interpreted adversely to its position in this case by a court of record or arbitrator/mediator.

IT IS FURTHER ORDERED, that a separate order setting a trial conference in this case shall be entered.